Gaston, Judge,
after stating the case as above proceeded : We do not perceive any error in the rejection of the testimony offered, or in the instructions given. Considering the sale as an ordinary execution sale, there was no warranty of title express or implied. The purchaser at such a sale buys the interest of the defendant in execution, and cannot object, when the price is demanded, that the goods bought belonged to himself or to a third person. Regarding the sale as it probably was, the sale of a trustee mutually appointed by the contending claimants of the property, the validity of their respective claims was to depend on the decision of a special tribunal, before whom those parties were to litigate these claims. If it were part of the agreement that the trustee or commissioners should at all events collect the money — and unless this were part of the agreement, the plaintiff could not recover — it would be repugnant to the agreement to permit the purchase money to be withheld upon an allegation of a preferable claim, or to suffer the validity of such claim to be adjudged, when its opponents had not an opportunity to contest it. We know of no principle of law which forbids a seizure and sale of a defendant’s legal interest in undivided chattels. In contemplation of law it is perfectly distinct from that of his cc-tenant. Each hath a several interest, though the occupation be joint. Justices’ executors are by law made returnable in three months from their *163 date, and after the expiration of that time they become effete. But it is not necessary that they should be returned on the last day of the three months. They resemble in this respect the warrants of Justices which are “ returnable on or before, thirty days from the date thereof.”
The main controversy in the case probably turned upon the meaning of the parties to the agreement in relation to a matter upon which there was room for dispute, whether the arbitration was to precede, or follow after the payment of the purchase money. There could be no doubt but that if any other than the parties to the agreement bought at the sale, the price was to be immediately paid — and there was no explicit understanding that there should be an exception in case either of the parties bought. The Judge was warranted, we think, in leaving this part of the case to the jury as one of fact, to be determined upon the evidence. If the fact, were, as the jury found it to be, then under the agreement the plaintiff became the lawful owner of the goods pro hac vice; as such was entitled to the price thereof, and must hereafter account for the money received upon the sale, to those who shall .show their preferable right to it. Whether the defendant have or have not such right, the judgment in this case does not determine.
On the question of delivery we see no ground for doubt.
Per Curiam. Judgment affirmed.